UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

M. MOIN MASOODI                                    CIVIL ACTION

VERSUS                                             NO. 10-807

LOCKHEED MARTIN CORPORATION                        SECTION "N" (1)

**<u>ORDER AND REASONS</u>**

Before the Court is the Motion to Dismiss for Failure to State a Claim for Relief (Rec. Doc. 6), filed by Defendant Lockheed Martin Corporation ("LMC"). This motion is opposed. (See Rec. Doc. 8). In the instant motion, LMC moves to dismiss several of Plaintiff M. Moin Masoodi's claims for failure to state a claim upon which relief may be granted under 12(b)(6) of the Federal Rules of Civil.[1] For the following reasons, the Court denies this motion.

**I.   BACKGROUND**

Plaintiff has been employed by LMC as a Design Engineer since August 1981. (See Exhibit 1 to Rec. Doc. 6).[2] On July 21, 2009,

---

[1] Even though the title of this motion seems to implicate only Fed. R. C. P. 12(b)(6), LMC makes additional arguments in its motion pertaining to an alleged lack of subject matter jurisdiction over certain of Plaintiff's claims. (See Rec. Doc. 6-2).

[2] "Generally, in deciding a motion to dismiss for failure to state a claim, if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *In Re Katrina Canal Breaches Litig.*, 495 F .3d at 205 (quoting Fed.R.Civ.P. 12(b)). However, documents that a defendant attaches to a motion to dismiss are

Plaintiff filed a Charge of Discrimination. (*Id.*) In it, Plaintiff alleged discrimination on the basis of Race (Asian); Religion (Muslim); and National Origin (Pakistani), based under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also alleged to have been discriminated against on the basis of his age (born: 12/21/1947) under the Age Discrimination in employment Act of 1968, as amended. Plaintiff specifically alleged as follows:

> On September 30, 2008, I was denied a promotion to the position of a Design manager. I have been employed with [LMC] since August 1981, in the position of a Design Engineer, earning $105,000.00 per year.

(Exhibit 1 to Rec. Doc. 6). Plaintiff also stated that he believed that he was discriminated against as stated above because he "was the best qualified applicant for the position of Design Manager." (*Id.*).

Plaintiff's Complaint, which was filed on March 5, 2010 (Rec. Doc. 1), asserts various claims, some of which were not the subject of or mentioned in the Charge of Discrimination. Plaintiff alleges claims of retaliation. He avers that he filed an EEOC charge in which he alleged "failure to promote on the basis of his race, age,

---

considered part of the pleadings if the Plaintiff's Complaint refers to them and the documents are central to Plaintiff's claims. *Id.*; *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004). Here, this charge of discrimination is referred to in Plaintiff's Complaint (Rec. Doc. 1, ¶ 8) and is central to establishing his right to bring a civil action in this Court. Accordingly, the Court has considered this document attached to LMC's motion to dismiss without converting the motion to one for summary judgment.

religion, and national origin *and retaliation for having filed [a] 2006 complaint.*" (Rec. Doc. 1, ¶ 8, emphasis added). In the next paragraph of the Complaint, Plaintiff claims that he was denied a promotion in September 2008 "on the basis of [his] race (Asian), religion (Muslim), national origin (Pakistani)", and in retaliation for filing an EEOC charge complaining of Title VII discrimination. (Rec. Doc. 1, ¶9). In his Complaint, Plaintiff also alleges that, "[b]eginning in September 2001, [he] was subjected to unequal terms and conditions of his employment with regard to high visibility management job assignments and was given lower overall performance ratings than similarly situated Caucasian-American co-workers with similar scores." (Rec. Doc. 1, ¶4). He also alleges that he was "paid less than similarly situated Caucasian-American co-workers with both similar experience and skills and less experience and skills." (*Id.*).

Based on the allegation in the 2009 Charge of Discrimination filed by Plaintiff, LMC filed the instant Motion to Dismiss, arguing that Plaintiff has failed to state a claim for relief under Title VII and/or the ADEA[3] for retaliation[4] or as to any promotion or other allegedly adverse action other than the failure to be

---

[3] LMC notes that the ADEA or any claims for age discrimination is not mentioned or referenced in the Complaint , although it is mentioned in Plaintiff's 2009 Charge of Discrimination.

[4] LMC notes that the 2009 Charge does not mention retaliation, and Plaintiff did not check the box labeled "Retaliation" on the Charge.

3

promoted on September 30, 2008.[5]

In his Opposition, Plaintiff acknowledges that his Complaint alleged actions other than the September 30, 2008 failure to promote claim, but notes that he "has made a separate charge for retaliation in early March 2010 and has requested a right to sue from the investigator..." which Plaintiff claims "would be forthcoming." (Rec. Doc. 8). Plaintiff requested that the Court "hold its determination of the instant Motion to Dismiss "for such period of time that the right to sue may be received." (*Id.*). By the time the Court addressed this pending motion, Plaintiff was granted leave to supplement his previously-filed Opposition with the second, separate Notice of Right to Sue and Charge of Discrimination. (See Rec. Doc. 16, and supplemental attachment to Rec. Doc. 8, at Rec. Doc. 8-2). This second, separate Notice of Right to Sue was issued on May 4, 2010, in response to a Second Charge of Discrimination, which was lodged on April 29, 2010.

This Second Charge of Discrimination asserts retaliation and specifically states:

> I was hired by the Respondent on August 26, 1981, as a design engineer. I was denied a promotion on March 29, 2010 that would have given me high management visibility assignments that are essential for future advancements in this company. I was offered an assignment in June, 2006 as an inducement to dismiss a charge I had filed with the

---

[5] LMC notes that there is no mention of a pattern of discrimination, of unequal pay, or of any other denied promotion (other than the September 30, 2008 promotion).

4

> EEOC. I accepted the assignment because the vice president of the company assured me that I would be treated fairly and given the high visibility assignments. I dismissed my EEOC charge; however, the promised Staff engineer position was not forthcoming.
>
> I have been denied several promotions since June, 2006, even though I was clearly the most qualified applicant and had more experience than those hired.
>
> I believe I have been retaliated against for filing the EEOC charge in June, 2006, in violation of the Civil Rights Act of 1964, as amended.

(Rec. Doc. 8-2). This second Charge also alleges a continuing action from June 30, 2000 to March 2, 2010. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."

5

*Twombly*, 127 S .Ct. at 1965 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.*, (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**B. Plaintiff's Title VII Claims**

It is well-settled that before a plaintiff can bring an action in federal court under Title VII, she must first exhaust available administrative remedies. See 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir.2002); *Reed v. Northrop Grumman Ship Sys. Inc.*, No. Civ.A. 04-1214, 2004 WL 2115596, at *1 (E.D.La. July 15, 2002). Title VII's exhaustion requirement is satisfied only if a plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue notice. *Taylor*, 296 F.3d at 378-79 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996)). Failure to comply with this requirement will result in dismissal of plaintiff's claim. See *Reed*, 2004 WL 2115596, at *2.

As Judge Vance noted in *Sawyer v. JRL enterprises, Inc.*, 2005 WL 3543738 (E.D. La. Oct. 5, 2005), although receipt of a right-to-sue letter is a precondition to bringing suit, it is not

6

a jurisdictional requirement in the strict sense. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (filing timely EEOC charge is "not a jurisdictional prerequisite"); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (Former 5th Cir. 1982) ("We hold that receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite ...."); see also *Julian v. City of Houston*, 314 F.3d 721, 725 n. 3 (5th Cir.2002) (same). Further, the Fifth Circuit has held that a plaintiff's failure to comply with Title VII's exhaustion requirement can be cured by obtaining a right-to-sue letter at any time before the suit is dismissed. *Pinkard*, 678 F.2d at 1219 ("[T]he receipt of a right-to-sue letter ... while the action remains pending[ ] satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."); *Peterson v. Slidell Mem. Hosp. & Med. Ctr.*, Civ. A. No. 96-2487, 1996 WL 732840, at *2 (E.D.La. Dec.16, 1996) (receipt of right-to-sue letter while motion to dismiss was pending cured defect in plaintiff's complaint).

Here, it is undisputed that, as of the date of the filing of the Complaint, Plaintiff had neither filed a second EEOC charge, nor received a right-to-sue letter therefor. Thus, as of that date, Plaintiff had not complied with Title VII's exhaustion requirement (as to the claims other than the September 30, 2008 promotion), and

her Title VII claims other than the claim for the September 30, 2008 non-promotion were subject to dismissal without prejudice on that ground. See *Pinkard*, 678 F.2d at 1218. However, by supplementing the record in this case with his second EEOC charge and his right-to-sue letter (while the instant motion to dismiss was pending), Plaintiff has cured those defects (at least for the claims mentioned in his second Charge). Accordingly, LMC's motion to dismiss Plaintiff's Title VII claim is denied, without prejudice to the right of LMC to seek dismissal of claims not mentioned in the second Charge of Discrimination, if such arguments can be validly made. Notably, in deciding this motion, the Court makes no determination as to the validity of the claims alleged in either of the Charges of Discrimination or the Complaint itself.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim for Relief (Rec. Doc. 6) is DENIED** without prejudice to the right of LMC to seek dismissal of claims not mentioned in the second Charge of Discrimination, if such arguments can be validly made.

New Orleans, Louisiana, this 10th day of June, 2010.

_____
KURT D. ENGELHARDT
United States District Judge